UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHANIE ANN
FALKENHAGEN,

                    Plaintiff

v.

COMMISSIONER OF
SOCIAL SECURITY,

               Defendant.

_____/

Civil Action No.: 17-13601
Honorable Paul D. Borman
Magistrate Judge Elizabeth A. Stafford

## REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S PETITION FOR ATTORNEY FEES [ECF. NO. 28]

Daryl Royal, counsel for Plaintiff Stephanie Ann Falkenhagen, seeks an award of $4,709.25 for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A).  [ECF No. 28].  The Commissioner objects to Royal's request for fees under the EAJA, reasoning that its position in the underlying matter was substantially justified.  The Honorable Paul D. Borman referred this matter to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(B).  After reviewing the petition and objections, the Court **RECOMMENDS** that Royal's motion be **GRANTED**.

## I.    BACKGROUND

This Court recommended granting Falkenhagen's motion for summary judgment and remanding the underlying matter for further proceedings based on the ALJ's failure to properly apply the treating physician rule to the opinion of Karim Fram, M.D.  [ECF No. 24, Page.ID1453-57].  No objections were filed, and the district court adopted the report and recommendation, and remanded the matter for further consideration. [ECF No. 26].

## II.    ANALYSIS

Under the EAJA, the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs incurred in bringing the action. 28 U.S.C. § 2412(d) (1)(A).  Prevailing parties may be awarded fees and costs unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A); *Vitale v. Comm'r. of Soc. Sec.*, 16-12654, 2019 WL 3943862, at *2 (E.D. Mich. Mar. 26, 2019), *adopted*, 2019 WL 3936554 (E.D. Mich. Aug. 20, 2019).  The Commissioner does not dispute that Falkenhagen is a prevailing party or identify any special circumstances

2

precluding an award of fees. The only issue is whether the Commissioner's position was substantially justified.

The Commissioner has the burden of showing that her position was substantially justified, which is defined as "justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). "[A]n ALJ's failure to provide an adequate explanation for his findings does not establish that a denial of benefits lacked substantial justification." *DeLong v. Comm'r of Soc.Sec.*, 748 F.3d 723, 727 (6th Cir. 2014). If a court finds that the ALJ "simply needed to be more explicit in regard to why the decision was made," and thus remands for further development the record or better articulation of the decision, the Commissioner may not have been wrong on the merits of the case. *McKeel v. Comm'r of Soc.Sec.*, 14-12815, 2015 WL 5619848, at *4 (E.D. Mich. Sept. 24, 2015). A remand based on that kind of procedural error does not support a finding that the government's position was not substantially justified. *Id.*; *DeLong*, 748 F.3d at 727.

The Commissioner argues that the remand issued here, like those in *DeLong* and *McKeel*, was based on a failure to articulate good reason for denying the treating physician's opinion controlling weight. [ECF No. 31]. It thus maintains that the Commissioner's defense of the merits of the ALJ's

3

decision was substantially justified.  [*Id.*, Page.ID1497].  The Court

disagrees, finding the recent *Vitale* case instructive.  2019 WL 3943862, at

*5.

In *Vitale*, the Commissioner characterized the ALJ's error as the lack

of articulated good reason for dismissing the treating physician's opinion.

*Id.*  But the court called this an oversimplification.  *Id.*  The court had "called

for more than a better explanation of good reasons"; it had remanded for

"further evaluation" of the treater's opinions.  *Id.*  Here too, the

Commissioner is inaccurate when alleging that the Court's remand was

based solely on the ALJ's lack of articulated good reasons for denying

controlling weight to Dr. Fram's opinion.

The adopted report and recommendation does refer to the ALJ's

insufficient articulation. "This conclusion does not analyze Dr. Fram's

opinion under the two-prong controlling weight test,[1] and thus does not

articulate the good reasons necessary to withhold controlling weight for that

opinion." [ECF No. 24, Page.ID1456 (footnote added)].  If the Court's

---

[1]    An ALJ is to give controlling weight to a treating physician's opinions
about the nature and severity of a claimant's condition when those opinions
are: 1) well-supported by medically acceptable clinical and diagnostic
evidence; and 2) not inconsistent with other substantial evidence. *Gentry v.
Comm'r of Soc.Sec.*, 741 F.3d 708, 723, 727-29 (6th Cir. 2014); *Rogers v.
Comm'r of Soc.Sec.*, 486 F.3d 234, 242-43 (6th Cir. 2007).

analysis ended there, the Commissioner's argument that remand was due only to a procedural error would have merit.  *See McKeel,* 2015 WL 5619848, at *4.

But the Court also found substantive fault with the ALJ's analysis of Dr. Fram's opinion.  [ECF No. 24, Page.ID1455-1456].  The ALJ did not give Dr. Fram's reaching restriction controlling weight, reasoning that the restriction was inconsistent with Falkenhagen's testimony.  The Court found that reasoning baseless.  [*Id.*].  Falkenhagen's testimony that she could reach overhead, but experienced pain when she did so, did not contradict Dr. Fram's opinion that she should avoid overhead reaching.  [*Id.*].  Nor did her testimony "support the ALJ's determination that she is capable of overhead reaching between 1/3 and 2/3 of an eight-hour working day, the regulatory definition of frequently."  [*Id.*].  The Court thus recommended remand for "reconsideration of the weight given to Dr. Fram's opinion regarding the severity of restrictions Falkenhagen required."  [*Id.*].  In other words, the ALJ's reasoning was flawed, and not just insufficiently articulated.  It thus follows that the Commissioner's decision to defend the ALJ's decision did not have a reasonable basis in law and fact, and was not substantially justified.

The Court is not persuaded by the Commissioners "attempts to carry [its] burden of showing that the government's position was substantially justified by characterizing the ALJ's error as a mere 'articulation error.'" *Cunic-Goodman v. Comm'r of Soc. Sec.*, No. 1:17-CV-382, 2019 WL 935209, at *3 (W.D. Mich. Feb. 26, 2019). Royal's motion for EAJA fees should be granted.

### III.    CONCLUSION

The Court **RECOMMENDS** that Royal's petition for attorney's fees under the EAJA [ECF No. 28] be **GRANTED**, and that he be awarded $4,709.25.

                                          s/Elizabeth A. Stafford
                                          ELIZABETH A. STAFFORD
Dated: September 6, 2019                  United States Magistrate Judge


## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but

fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.